UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELLA BERRYMAN,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>　　　　　　　　　　Defendant. | Case No.: 20-cv-1427-BLM<br><br>**ORDER GRANTING JOINT MOTION FOR THE AWARD AND PAYMENT OF ATTORNEY FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d)**<br><br>**[ECF No. 26]** |

　　　　On July 24, 2020, Plaintiff Pamella Berryman filed a complaint against Defendant Acting Commissioner of Social Security, Kilolo Kijakazi, seeking judicial review of the denial of her application for social security disability and supplemental security income benefits.  ECF No. 1. On July 1, 2021, the parties filed a joint motion for voluntary remand pursuant to sentence four of 42 U.S.C. §405(g) [ECF No. 21], which the Court granted.  ECF No. 22.  The parties now stipulate to an award to Plaintiff of attorney's fees and expenses in the amount of $14,000.00 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. 2412(d).  ECF No. 26.

　　　　The EAJA allows a prevailing party to seek attorney's fees from the United States within thirty days of final judgment.  28 U.S.C. § 2412(d).  "A sentence four remand becomes a final judgment, for purposes of attorneys' fees claims brought pursuant to the EAJA, 28 U.S.C.

§ 2412(d), upon expiration of the time for appeal." Akopyan v. Barnhart, 296 F.3d 852, 854 (9th Cir. 2002). If one of the parties is the United States, either party may file a notice of appeal within sixty days of the order appealed from. See Fed. R. App. 4(a)(1)(B). "A plaintiff who obtains a sentence four remand is considered a prevailing party for attorneys' fees." Akopyan, 296 F.3d at 854. Plaintiff is the prevailing party in this action for purposes of attorney's fees, the parties' joint motion is timely, and the Court finds the stipulated amount of fees and expenses reasonable.

Accordingly, the Court **GRANTS** the joint motion and **AWARDS** Plaintiff attorney's fees and expenses in the total amount of $14,000.00, subject to the terms of the parties' joint motion. Fees will be made payable to Pamella Berryman, but if the Department of the Treasury determines that Pamella Berryman does not owe a federal debt, then the government will cause the payment of fees, expenses, and costs to be made directly to the Legal Aid Society of San Diego, pursuant to the assignment executed by Pamella Berryman. Any payments will be delivered to Plaintiff's counsel.

**IT IS SO ORDERED**.

Dated: 11/1/2021

Hon. Barbara L. Major
United States Magistrate Judge